**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3685-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EMMANUEL RUIZ PAGAN,

    Defendant-Appellant.

_____

Submitted November 5, 2020 – Decided July 28, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-05-1143.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Emmanuel Ruiz Pagan appeals from the denial of his petition for Post-Conviction Relief (PCR) after an evidentiary hearing. He claims the judge improperly analyzed his ineffective assistance of counsel claim under State v. Slater, 198 N.J. 145, 157 (2009), instead of Strickland v. Washington, 466 U.S. 668, 693-94 (1984), entitling him to the reinstatement of the State's original twelve-year plea offer or a new evidentiary hearing.

Although we agree Strickland provides the correct analytical framework here, we've recognized previously that the Slater and Strickland tests sometimes "overlap," State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014). They do here on the critical question of why defendant turned down the State's initial twelve-year offer, the focus of the evidentiary hearing on defendant's petition. Defendant testified he only rejected that offer because his lawyer told him he could win at trial. The judge found the lawyer's testimony — that defendant rejected the twelve-year offer because he wanted to serve only eight years — more believable. That factual finding makes it impossible for defendant to prove he was prejudiced by his counsel's advice, dooming his ineffective assistance claim under Strickland. Accordingly, we affirm.

We set out the facts underlying defendant's conviction in our opinion on his direct appeal, State v. Pagan, No. A-3516-15 (App. Div. Sept. 15, 2017) (slip

2

op. at 2), and need not repeat them here. Suffice it to say that defendant and a confederate attempted to hold up a bar in Newark and exchanged gunfire with one of the patrons, an off-duty police officer carrying his service weapon, who shot defendant several times. <u>Ibid.</u> The officer identified defendant as the robber he shot, and bullets from the officer's gun were recovered from defendant's body. <u>Ibid.</u> Defendant was indicted on four counts of first-degree robbery, conspiracy to commit robbery, attempted murder and weapons charges.

The State offered to recommend a twelve-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, in exchange for defendant's plea to one count of first-degree robbery and unlawful possession of a weapon. That offer was conditioned on defendant not filing a spoliation motion based on the State's failure to have preserved an allegedly non-functional hard drive from the bar's video-surveillance system. Defendant testified he wanted to take that offer but turned it down because his lawyer told him he "could win the case that was going to come in the case that the videos had disappeared."

Defendant also testified counsel spoke with him without an interpreter except when the two were in court, and defendant never could "find out what was happening about the case through him because he never brought an interpreter." Defendant claimed he agreed to plead guilty on the trial date in

exchange for a fifteen-year NERA term because his back was "against the wall," his lawyer refused to "negotiate . . . for the initial twelve" and "said that he wasn't going to do the trial [and] that [defendant] should take the fifteen."

Defense counsel testified defendant rejected the twelve-year offer because "he wanted an eight." According to counsel, he attempted to negotiate an eight-year deal, but the prosecutor would not go below the twelve-year NERA term. When defendant asked him "why couldn't he get the eight," counsel claimed "[he] told him the State based it off the strength of their case. They think they have a strong case so they don't want to go to an eight."

After defendant rejected the initial plea, counsel prepared for trial, meeting with defendant numerous times to review the discovery and filing a motion to dismiss the indictment based on the State's failure to preserve the hard drive. The judge refused to dismiss the indictment but agreed to give an adverse inference charge to the jury. Counsel testified he was prepared to proceed on the trial date and was waiting for the jury to be brought in when defendant told him he wanted to take a plea. Counsel said he explained there was no offer on the table and asked if defendant wanted him to approach the prosecutor about a plea. Defendant told him yes. Counsel testified the State was unwilling to revive the twelve-year offer, leading counsel to negotiate the fifteen-year NERA

4

term defendant accepted that same day. According to counsel, he and defendant always conversed in English and had no difficulty understanding one another.

Defendant appealed the denial of his motion to dismiss the indictment and his sentence, both of which we affirmed on direct appeal. Pagan, slip op. at 1-2. He filed a timely petition for PCR, contending counsel was ineffective for failing to employ an interpreter when they met, and that he wanted his "attorney to hire an expert to review the restaurant video-surveillance tape, but he failed to do so." Defendant claimed that had his counsel hired an expert, "the tape may have been restored and showed that [he] did not rob anyone."

As to the plea, defendant averred he considered the initial twelve-year offer, "because [he] was nervous, but [he] wanted a trial and [his] lawyer told [him] we could win at trial." Consistent with his testimony at the evidentiary hearing, defendant claimed that after he rejected the plea, his counsel "changed his thoughts on trial and said [defendant] would not be successful." Although acknowledging he eventually agreed to take the fifteen-year plea offer under pressure from his counsel, defendant claimed he "still wanted a trial."

The court clarified with PCR counsel on the record that what defendant was seeking by his petition was "to get the twelve rather than the [fifteen] that [the court] sentenced him to." PCR counsel agreed defendant "would want the

twelve back, . . . [b]ased on his attorney's representations."  Counsel clarified that defendant "relied on his attorney's representations and suddenly the plea was gone and he wanted it back.  And he . . . was at a loss because he was confused with the language issues."

Although the case appears to have been argued as both a claim of ineffective assistance under Strickland and a Slater motion to withdraw the plea, the PCR court limited the evidentiary hearing to defendant's request to withdraw the plea.  After hearing the testimony of both defendant and his counsel, the court found defendant could not establish any of the four Slater factors[1] and thus denied his motion to withdraw his plea.  It did not rule on defendant's ineffective assistance claim.

On appeal, defendant now argues the PCR court erred in "restrict[ing]" the evidentiary hearing, "to the Slater factors," that "Slater was not the proper standard to be applied . . . because his claims were based on ineffective assistance of plea counsel that resulted in the rejection of the original plea offer," and the court "failed to consider or rule on his assertion that plea counsel was

_____

[1] The four Slater factors are:  "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 157-58.

A-3685-18

ineffective by promising him that he could win at trial," prompting his rejection of the State's initial twelve-year plea offer. Notwithstanding, he claims "his testimony during the limited PCR evidentiary hearing proves that his defense attorney was ineffective." We disagree.

As we explained in O'Donnell, a motion to withdraw a guilty plea and a petition for PCR based on ineffective assistance of plea counsel are distinct requests for relief and "must be considered separately." 435 N.J. Super. at 368. The claims are governed by different rules and time constraints, implicate different rights and are governed by separate tests, with motions to withdraw a plea subject to the four-factor test adopted in Slater and ineffective assistance claims judged under the two-prong Strickland standard. Id. at 368-69. We also recognized "the two tests may overlap," id. at 370, as they did here.

The focus of the evidentiary hearing was on the second and third Slater factors, the nature and strength of defendant's reasons for wishing to withdraw his plea and the existence of a plea bargain, and specifically, why defendant rejected the State's initial twelve-year plea offer and why he ultimately entered a plea to the longer fifteen-year term offered on the trial date. Both defendant and his counsel provided their versions to the court, with the court finding defense counsel the more credible of the two.

A-3685-18

The court rejected defendant's claim that counsel's failure to employ an interpreter limited defendant's understanding of the plea offers or counsel's advice concerning them. The court also rejected defendant's claim that he turned down the State's initial twelve-year offer because his lawyer assured him he would win at trial, instead crediting counsel's testimony that defendant rejected the offer because he wanted to serve no more than an eight-year NERA term, which counsel tried unsuccessfully to negotiate. The court found the offer was withdrawn, as the State promised it would be, when defendant brought his spoliation motion to dismiss the indictment. Finally, the court rejected defendant's claim that his counsel refused to take the case to trial and instead pressured defendant to accept the State's final offer of a fifteen-year term. Instead, the court found counsel conscientiously prepared for trial, had subpoenaed witnesses and was present and ready to proceed on the trial date. The court found defendant was not pressured into pleading guilty but did so only "after long and extensive plea negotiations."

While those findings led the court to conclude, correctly, that defendant could not establish the second and third Slater factors, they overlap and are dispositive of defendant's ineffective assistance of counsel claim under Strickland, although the court did not perform that analysis. To succeed on a

8

claim of ineffective assistance, defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. In the context of a guilty plea, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Although ordinarily a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," ibid., here, defendant needed to show that but for counsel's assurance that defendant would win his case at trial, defendant would have taken the State's initial plea offer of a twelve-year NERA term. See Missouri v. Frye, 566 U.S. 134, 138 (2012) (holding "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel"). The court's finding that defendant rejected the State's twelve-year plea offer, not based on any advice of counsel, but because he didn't want to serve more than eight years, precludes a

finding that defendant was prejudiced by his counsel's advice in connection with that earlier plea offer.

Accordingly, although we agree the court erred in failing to analyze defendant's ineffective assistance claim under Strickland, the judge's factual findings, which, because they were reasonably reached on sufficient credible evidence in the record, are binding on appeal, State v. Nash, 212 N.J. 518, 540 (2013), establish defendant could not succeed on his ineffective assistance claim and obviate the need for a remand.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3685-18